## INGERSOLL *vs.* HALL, WRIGHT and others.

A covenant, in a deed of conveyance, by which the grantors agree to warrant and defend the premises, against themselves, their heirs &c., and against all persons claiming or to claim the same, against the acts of the grantors, "hereby intending to warrant and defend the said premises against any lien, judgment or incumbrance against any of the grantors, affecting the premises or any part thereof," is merely a covenant for quiet enjoyment.

The mere purchase of an outstanding title, subject to a life estate in the premises, by a grantee whose title is also subject to that life estate, the owner of which outstanding title had given notice of his right, and of his intention to enforce it, is not a breach of such a covenant; nor will it amount to an eviction, where there has been no interference with the possession, under the outstanding title.

APPEAL from a judgment entered upon the report of a referee. On the 4th of December, 1856, the plaintiff and others conveyed to the defendant John S. Wright certain lands in the county of Monroe, by a deed which contained the following covenant, and no other, viz: "And the said parties of the first part, for themselves, their heirs, executors and administrators, do covenant, grant, bargain, promise and agree, to and with the said party of the second part, his heirs and assigns, to warrant and for ever defend the above granted premises, and every part and parcel thereof, now being in the quiet and peaceable possession of the said party of the second part, against said parties of the first part, their heirs, executors, administrators and assigns, and against all and every person or persons claiming or to claim the said premises, or any part thereof, against the acts of the said parties of the first part;

Ingersoll *v.* Hall.

hereby intending to warrant and defend the said premises against any lien, judgment or incumbrance against any of the parties of the first part affecting said premises, or any part thereof." This was inserted specially and designedly, in view of a judgment that the plaintiff claimed was no lien, and which the defendant Wright feared was. To secure the purchase money, Ingersoll took back the mortgage which this action is brought to foreclose. Before this conveyance by the plaintiff, a judgment had been recovered against him, upon which his interest in the premises had been sold and purchased by one John Fitts, the plaintiff in the judgment. On the 13th of December, 1856, Fitts assigned his certificate of sale to Joseph A. Eastman. The land not being redeemed, Eastman, on the 25th of November, 1857, received the usual sheriff's deed of Ingersoll's interest. The plaintiff was the owner of an undivided moiety of the land, subject to a life estate of John Fitts. On the 16th or 17th of December, 1856, Fitts conveyed his life estate to the defendant Joseph Hall. On the 20th of December, 1856, Wright conveyed the remainder, acquired by his deed from the plaintiff, to the defendant Hall, who assumed to pay the mortgage in suit, as a part of the consideration money. On the 18th of February, 1858, Eastman conveyed the premises to the defendant Hall, for the actual consideration of $1200.

It appeared that Wright knew of the judgment when he purchased of the plaintiffs; and that Hall knew of the judgment when he purchased of Wright. John Fitts is still living. No legal proceedings have ever been taken to obtain possession of the premises under the sale upon the judgment. While Eastman was the owner of the title claimed by him under said judgment, he took no legal proceedings to oust Hall from his possession of the premises, but Eastman, before Hall purchased his interest in said premises, notified Hall of his right thereto, and that he should enforce the same as soon as he could. The defendants sought to abate the mortgage of the plaintiff to the amount paid by Hall for Eastman's title.

The referee found as conclusions of law from the facts, that the covenant in the deed from the plaintiff and others, to the defendant Wright, was a covenant merely for quiet enjoyment, and that there had been no breach of that covenant; that Eastman, by the sheriff's deed, acquired all the interest which the plaintiff had in the mortgaged premises on the 11th of April, 1856, which interest the plaintiff conveyed by the deed dated December 2d, 1856; that no relation existed between Hall and Eastman that could prevent Eastman from enforcing his claim to said premises under the sheriff's deed; that neither of the defendants had any right to abate the whole or any part of said $1200 so paid by Hall, to purchase the interest of Eastman in the land, from the amount due on the mortgage; and that the plaintiff was entitled to judgment for the foreclosure and sale of the mortgaged premises in the usual form, and was entitled to be paid upon such sale the amount due as aforesaid, with interest and costs. The defendants appealed.

*Wm. F. Cogswell,* for the appellants.

*Danforth & Terry,* for the respondent.

*By the Court,* T. R. STRONG, J. I am satisfied that the covenant in the deed from the plaintiff and others to the defendant Wright is merely for quiet enjoyment. The first clause is in the usual form of such a covenant; and the latter clause defines in part what the former is to embrace—"hereby intending," &c. There is nothing in the last clause manifesting an intention to vary the nature of the covenant, or to do more than to make it certainly applicable to disturbances of the possession by virtue or in consequence of "any lien, judgment or incumbrance," &c. as in that clause mentioned. It was not necessary in order to bring such disturbances within the covenant; and its insertion must be referred to a spirit of

great caution. The legal import and effect of the covenant are wholly unaffected by it.

I am also satisfied that upon the facts proved, and under the authorities in this state, there has been no breach of that covenant. The mere purchase of an outstanding title, subject to a life estate in the premises, by a grantee, whose title is also subject to that life estate, the owner of which outstanding title had given notice of his right, and that it was his intention to enforce the same as soon as he could, is not, under our law, an eviction. There has been no interference with the possession under the outstanding title; and no submission to the title further than always occurs on the purchase of such a title.

In my opinion, therefore, the judgment, at special term, should be affirmed with costs.

[MONROE GENERAL TERM, December 5, 1859. *T. R. Strong, Welles* and *Johnson,* Justices.]